IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                  **Case No. 12-40039-01-RDR**

HASHIEM JAMIL FORD,

        Defendant.

_____

**O R D E R**

    This matter is presently before the court upon defendant's motion to suppress. Having conducted a hearing on the motion, the court is now prepared to rule.

    The defendant is charged in a four-count indictment. The defendant is charged with (1) two counts of making a false statement in the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 2; (2) using a telephone to facilitate a drug felony in violation of 21 U.S.C. § 843(b); and (3) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).

    The defendant seeks to suppress all evidence derived from the search of his home on January 30, 2012. He contends that the search was conducted prior to the issuance of the search warrant. He suggests that the search was conducted at 4:05 p.m., while the search warrant was not signed and issued by the state court judge until 5:53 p.m. He relies upon his reading of the time noted on the search warrant. The government has responded that the search

warrant was actually issued at 3:53 p.m., and that the time on the search warrant is simply illegible.

*Findings of Fact*

1.   On January 30, 2012, Andrew Zeigler, an investigator with the Salina Police Department who was assigned to the I-70 Drug Task Force, prepared an affidavit for a search warrant for the residence of Hashiem Jamil Ford in Salina, Kansas.  He began preparing the affidavit at approximately 1:00 p.m.  He completed the affidavit, which consisted of eight pages, in approximately one to two hours. He then had the affidavit reviewed by the Saline County attorney.

2.   Investigator Zeigler then took the affidavit to Judge Hellmer, a local state judge.  He signed the affidavit in front of Judge Hellmer.  Judge Hellmer then issued the search warrant at 3:53 p.m.  He made note of the time on the search warrant.  The time, as well as the judge's signature, are illegible.

3.   Investigator Zeigler advised the officers who were conducting surveillance at the defendant's house that the search warrant had been approved.  Investigator Zeigler proceeded to the defendant's house with the search warrant and copies of it.  The officers began the execution of the search warrant at 4:05 p.m. The search was completed at 5:21 p.m.

*Conclusions of Law*

1.   The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures." <u>Bd. of Educ. of Indep. Sch.</u> <u>Dist. No. 92 v. Earls</u>, 536 U.S. 822, 828 (2002) (internal quotations omitted).  As a general rule, the reasonableness requirement obligates law enforcement officers to obtain a judicial warrant, issued only on a showing of probable cause, before conducting a search.  <u>Skinner v. Ry. Labor Executives' Ass'n</u>, 489 U.S. 602, 619 (1989).

2.   The court finds that the search warrant for the defendant's residence was issued prior to its execution.  The court agrees that the time written by the issuing judge on the warrant here is difficult to read--it could be either 3:53 p..m. or 5:53 p.m.  The evidence presented to the court clearly established that it was issued at 3:53 p.m.  Accordingly, the court finds no merit to the defendant's argument.  The defendant's motion to suppress must be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Doc. # 18) be hereby denied.

**IT IS SO ORDERED.**

Dated this 26th day of July, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

3